IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID GOYEN and MARGARET GOYEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:24-cv-03024-BT |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Property and Casualty Company of Hartford's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint. ECF No. 26. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

## **Background**

Unless otherwise noted, the Court draws the following facts from Plaintiffs' First Amended Complaint, ECF No. 19, and assumes they are true for purposes of deciding the pending motion.

This case arises out of a homeowner's insurance policy (the "Policy") between Plaintiffs David and Margaret Goyen and Defendant Property and Casualty Insurance Company of Hartford. Plaintiffs own the insured property (the "Property"), a single-family home in Dallas, Texas. Pls.' Am. Compl. ¶¶ 7-8. During

the Policy period, the Property "sustained a covered loss in the form of a water leak from a commode," and Plaintiffs timely reported the damage to Defendant. *Id.* ¶ 10.

Defendant engaged an adjuster, Dexter Udall, to inspect the Property on October 25, 2023. *Id.* ¶ 12. "Defendant failed to properly adjust Plaintiffs' claim when its investigations revealed limited physical damage was found," and "Defendant grossly underestimated the covered damages [as it] represented the damages could be repaired for $7,610.39 replacement cost value." *Id.* ¶ 13.

After receiving Defendant's $7,610.39 replacement cost value estimate for interior water damage, Plaintiffs hired a licensed public adjuster, Revere Public Adjusters, Inc. (Revere), to provide a second opinion on the Property's damage. *Id.* ¶ 14. Revere estimated the damages at $107,196.68 and "found extensive interior water damage to the floors of Plaintiffs' bedrooms, closet, hallway, bathroom, foyer, entry, dining room, and nook." *Id.* Revere also "found water damage to Plaintiffs' pantry, office, and living room caused by the water leak," which Defendant's adjuster did not find. *Id.*

After receiving Revere's estimate, Defendant engaged a second adjuster who performed a reinspection of the Property on January 3, 2024, resulting in a new estimate of $30,366.47 in damages. *Id.* ¶ 15. Thereafter, Plaintiffs provided additional estimates from contractors totaling over $169,535.91, but "Defendant continued to ignore obvious damages and refused to issue adequate payment to

cover damages." *Id.* Plaintiffs allege "[t]o date, Defendant continues to delay in the payment for the covered damages to the Property." *Id.* ¶ 16.

Plaintiffs contend Defendant failed to timely and properly handle the insurance claim, made various misrepresentations, failed to adequately compensate Plaintiffs for the covered damages, and failed to conduct a reasonable investigation. *Id.* ¶¶ 17-24. Plaintiffs assert claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code Chapters 541 and 542. *Id.* ¶¶ 27-49. Defendant has moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss, ECF No. 25.

## **Legal Standards**

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly,* 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).

## **<u>Defendant's Objections</u>**

As a preliminary matter, Defendant objects to the exhibits attached to Plaintiffs' Response. *See* Def.'s Reply 1-3, ECF No. 32. Specifically, Defendant argues the Court may not consider the attached exhibits (an estimate by Allcat Claims Services, the Revere public adjustor contract, and property claim payout information) because these documents are "outside the four corners of the active pleadings." *Id.* at 1. As the Court does not rely on any of these documents in ruling on the pending motion to dismiss, Defendant's objections are **overruled as moot**.

## Analysis

Defendant moves to dismiss all claims in Plaintiffs' Amended Complaint. The Court considers each claim in turn.

### A. Breach of Contract Claim

Plaintiffs allege that Defendant breached its insurance contract with Plaintiffs by, among other things, failing or refusing to pay Plaintiffs adequate policy benefits under the terms of the Policy. Pls.' Am. Compl. ¶ 17. In support of its motion to dismiss, Defendant argues that Plaintiffs' Amended Complaint "fails to plead more than conclusory comments and legal conclusions as to the alleged breach" and does "not meet the proper standard under Rule 12(b)(6)." Def.'s Br. 12, ECF No. 16.[1] Plaintiffs respond that their pleading complies with the Federal Rules of Civil Procedure because the court can draw the reasonable inference that there was a violation of the Policy. Pls.' Resp. 9-11, ECF No. 28. The Court agrees.

To state a prima facie claim for breach of contract under Texas law,[2] the plaintiff must plead the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)

---

[1] Citations to the record refer to the CM/ECF page number at the top of each page rather than page numbers at the bottom of each filing.
[2] The parties do not dispute that Texas law applies to this action.

(quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

To begin, Plaintiffs' Amended Complaint sufficiently pleads the existence of a valid contract. It states, "Plaintiffs are the owner of a Texas Homeowner Insurance Policy . . . which was issued by [Defendant]." Pls.' Am. Compl. ¶ 7.

Second, Defendant argues Plaintiffs must point to specific contract provisions to plead a breach-of-contract claim, relying on *Sanchez Oil & Gas Corporation v. Crescent Drilling & Production, Inc.*, 7 F.4th 301 (5th Cir. 2021). *See* Def.'s Br. 12-13. But in *Sanchez Oil & Gas*, the Fifth Circuit stated that "[w]hile litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity." *Sanchez Oil & Gas*, 7 F.4th at 309 (citation omitted); *see also Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 731-32 (5th Cir. 2018) (rejecting the district court's conclusion that "to properly plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached"). "So long as a pleading alleges facts upon which relief can be granted, it states a claim even if it fails to categorize correctly the legal theory giving rise to the claim." *Sanchez Oil & Gas*, 7 F.4th at 309 (cleaned up) (citations omitted). Thus, Plaintiffs are not required to identify the specific contractual provisions alleged to have been breached. Here, the First Amended Complaint provides sufficient notice and states a plausible claim that, under the terms of the Policy, Defendant failed to perform its contractually mandated duty to investigate and

adequately and timely compensate Plaintiffs for covered damages resulting from the leaking commode.

Plaintiffs also adequately plead the second element of their prima facie case, that is, Plaintiffs' performance or tendered performance of the Policy. Defendant argues that Plaintiffs' Amended Complaint fails to allege Plaintiffs paid their insurance premiums or otherwise performed as directed under the terms of the Policy. Def.'s Br. 13. However, Plaintiffs' Amended Complaint asserts that "all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs." Pls.' Am. Compl. ¶ 17. "As a general rule, '[t]he payment of the premium in accordance with the provisions of an insurance policy is a condition precedent to the establishment of liability of the insurer.'" *Monumental Life Ins. v. Hayes-Jenkins*, 403 F.3d 304, 310 (5th Cir. 2005) (alteration in original) (quoting *Walker v. Fed. Kemper Life Assurance Co.*, 828 S.W.2d 442, 449 (Tex. App.—San Antonio 1992, writ denied)). Additionally, Federal Rule of Civil Procedure 9(c) states that in "pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Thus, by alleging satisfaction of conditions precedent in the Amended Complaint, Plaintiffs sufficiently plead their performance of the Policy.[3]

---

[3] And to the extent Defendant argues Plaintiffs have failed to "prove" they paid their premiums, *see* Def.'s Br. 13, that is not their burden at this stage of the proceedings.

Finally, assuming Plaintiffs' allegations are true, Plaintiffs have satisfied the third and fourth elements of pleading their prima facie case. As to the third element, Plaintiffs allege that, according to the Policy, Defendant is required to fairly and fully investigate Plaintiffs' claim, and adequately and timely compensate Plaintiffs for covered damage. *See* Pls.' Am. Compl. ¶¶ 25, 30. Plaintiffs allege that Defendant waited 77 days to initiate an investigation, ignored obvious damage easily noticed by other contractors and for which they provided estimates, only provided for band-aid repairs to some water damage to Plaintiffs' home, and have yet to pay the amounts due to adequately cover Plaintiffs' claim. *See id.* ¶¶ 10-15.

And, with respect to the fourth element, Plaintiffs adequately allege a loss of actual damages and insurance policy proceeds resulted from Defendant's alleged violations. *See id.* ¶¶ 15, 30-31, 53-62.

With respect to this fourth element, Defendant cites the Fifth Circuit case *Mullins* to support its argument that Plaintiffs failed to adequately plead "an enumerated number" for damages caused by Defendant's alleged breach. Def.'s Br. 14 (citing *Mullins*, 564 F.3d at 418). Defendant's reliance on *Mullins* is misplaced. First, in *Mullins*, the jury awarded no actual damages but imposed punitive damages. *Mullins*, 564 F.3d at 389. And, other than this reference to damages, *Mullins* provides no support for Defendant's argument that failure to plead "an enumerated number" for the damages results in dismissal under Rule 12(b)(6) for failure to state a claim. Moreover, another court in this District recently rejected the same insurer's identical argument that an insured alleging breach of an

8

insurance policy must plead an "enumerated number" of damages to withstand a motion to dismiss. *See Shalport, Inc. v. AmGUARD Ins. Co.*, 2024 WL 4229308, at *4 (N.D. Tex. Sept. 18, 2024) (O'Connor, J.) (rejecting requirement of "enumerated damages," finding complaint contained "a demand for the relief sought" when it claimed that a loss of actual damages and insurance policy proceeds resulted from Defendant's violations).

Because Plaintiffs' Amended Complaint alleges sufficient facts to state a claim for breach of contract "that is plausible on its face," *Twombly*, 550 U.S. at 570, the Court **DENIES** Defendant's Motion to Dismiss this claim.

Because the Court finds that Plaintiffs have adequately alleged a breach of contract claim, it does not reach Defendant's argument that "[w]ith no viable breach of contract claim, the Goyens' extra-contractual claims should fail as well." Def.'s Br. 14.

## B. Texas Insurance Code Claims

Plaintiffs assert numerous violations of the Texas Insurance Code. These claims belong to two categories: claims for unfair settlement practices under Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4) and (a)(7) of the Insurance Code and prompt payment claims under Sections 542.055, .056, and .058 of the Insurance Code. The Court reviews each category in turn.

### 1. Unfair Settlement Practices

### a. Section 541.060(a)(1)

Section 541.060(a)(1) prohibits an insurer from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1).

Plaintiffs plead multiple representations they claim to be false, including that: Defendant misrepresented the damages were not fully covered (Am. Compl. ¶ 18); misrepresented "material facts relating to coverage at issue" (*id.* ¶ 34); "misrepresented . . . that all the damages to [the] [P]roperty was not covered (*id.* ¶ 37a); and misrepresented it "properly inspected" the Property (*id.* ¶ 48).

Defendant contends that Plaintiffs' "post-loss misrepresentation claims should be dismissed because they are not actionable." Def.'s Br. 17. In response, Plaintiffs maintain that "[a] 12(b)(6) motion is an inappropriate motion to make this argument . . . and Defendant's arguments would be better made later in litigation via a Motion for Summary Judgment." Pls.' Resp. 15. The Court disagrees and, for the reasons that follow, finds that Plaintiffs' misrepresentation claims do not fall within the scope of Section 541.060(a) and dismissal pursuant to Rule 12(b)(6) is, therefore, appropriate.

With respect to the application of Section 541.060(a)(1), as another jurist in this District recently observed, "minority and majority interpretations of the statute appear in the case law." *Abood Grp., Inc. v. Hartford Underwriters Ins. Co.*, 2024 WL 4378437, at *4 (N.D. Tex. June 10, 2024) (Kinkeade, J.) (comparing

e.g., *Glidewell v. Safeco Ins. Co. of Ind.*, 2015 WL 4868483, at *5 (N.D. Tex. Aug. 13, 2015) (Fish, J.) (minority view), with *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (majority view)). As in *Abood*, because no party advocates for the minority interpretation, the Court will apply the majority interpretation. *See id.*

Under the majority interpretation, only misrepresentations about the "details of a policy, not the facts giving rise to a claim for coverage," are actionable under Section 541.060(a)(1). *Messersmith*, 10 F. Supp. 3d at 724; *Abood Grp., Inc.*, 2024 WL 4378437, at *4; *Patel v. Brighthouse Life Ins. Co.*, 2022 WL 18673260, at *3 (N.D. Tex. Nov. 10, 2022) (Horan, J.), *adopted by* 2023 WL 357359 (N.D. Tex. Jan. 20, 2023) (Lindsay, J.); *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 888 n.6 (N.D. Tex. 2018) (McBryde, J. ) ("[U]nder Texas law, post loss statements regarding coverage are not misrepresentations under the Insurance Code[.]") (cleaned up), *aff'd*, 787 F. App'x 194 (5th Cir. 2019); *see also Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694 (Tex. 1979) (distinguishing between a pre-loss representation that induced the purchase of an insurance policy and a post-loss representation regarding coverage).

Misrepresentations about the extent of the damages to be covered do not satisfy this standard. *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 532 (N.D. Tex. 2022) (Fish, J.); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 6132229, at *3 (N.D. Tex. Aug. 25, 2020)

(McBryde, J.); *TBC-JP-LR, JV v. Allied Prop. & Cas. Ins. Co.*, 2019 WL 8230825, at *1 (N.D. Tex. Apr. 12, 2019) (Means, J.).

This principle requires dismissal of Plaintiffs' Section 541.060(a)(1) claim for failure to state a cognizable claim. Plaintiffs assert that Defendant misrepresented that their damages were not covered, the scope of their damages and repair costs, and that their property was "properly inspected." *See* Pls.' Am. Compl. ¶¶ 18, 19, 20, 34-36, 37(a), 48. None of these alleged statements, or any others alleged in the pleadings, rise to the level of misrepresentations of "a material fact or policy provision relating to coverage at issue. . . ." Tex. Ins. Code § 541.060(a)(1). Instead, these are post-loss statements regarding coverage and, therefore, not actionable under Section 541.060(a)(1). *See Messersmith*, 10 F. Supp. 3d at 724 ("The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."); *Univ. Baptist Church of Fort Worth*, 346 F. Supp. 3d at 888 n.6 ("post loss statements regarding coverage are not misrepresentations under the Insurance Code") (cleaned up); *Abood Grp., Inc.*, 2024 WL 4378437, at *4 ("only misrepresentations about the details of a policy, not the facts giving rise to a claim for coverage, are actionable under Section 541.060(a)(1)) (cleaned up) (collecting cases).

As alleged by Plaintiffs, Defendant's representations were false because Defendant disagreed with Plaintiffs' assessment of their losses. Defendant allegedly promised to cover Plaintiffs' losses; Defendant paid Plaintiffs a smaller sum than Plaintiffs believed was required to cover their damages; and Plaintiffs

now complain that Defendant's payment was insufficient. Although Plaintiffs may be correct about the extent of their damages and may be able to show that Defendant breached the parties' insurance contract by failing to pay more, Defendant's error in estimating damages, and representations based on this estimate, are not the type of conduct remedied by Section 541.060(a)(1). *See Abood Grp., Inc.*, 2024 WL 4378437, at *4; *One Way*, 2014 WL 6991277, at *4 ("[A]s pleaded, [plaintiff] is alleging that [defendant] misrepresented that the damage to the property was not covered under the Policy by representing that the wind and hail damage to the building was far less extensive than it actually was and that it was caused by factors that did not trigger coverage under the Policy. But those statements are of a type that this court has held are not within the scope of § 541.060(a)(1) because they do not relate to 'coverage at issue.'") (citing *Messersmith*, 10 F. Supp. 3d at 724).

In sum, Plaintiffs' Section 541.060(a)(1) claim fails because none of the alleged misrepresentations are of "a material fact or policy provision relating to coverage at issue . . . ." § 541.060(a)(1). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Section 541.060(a)(1) claims.[4]

---

[4] It is unclear whether Plaintiffs are seeking to plead a statutory misrepresentation claim under Texas Insurance Code Section 541.061, as they only reference Section 541.060 when discussing common law bad faith claims. *See* Pls.' Am. Compl. ¶ 48. Section 541.061 prohibits misrepresentations made in connection with an insurance policy. *See* Tex. Ins. Code § 541.061. Assuming Plaintiffs are seeking to plead a clam under Section 541.061 based on these same alleged misrepresentations, the Court agrees with Defendant that this claim "should be dismissed," and **GRANTS** Defendant's Motion to Dismiss for the same reasons as

### b. Section 541.060(a)(2)(A) and Common-Law Bad Faith Claims

Section 541.060(a)(2)(A) makes it an unfair or deceptive act or practice to fail to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). "[T]his statutory standard is identical to the common-law bad faith standard." *Mid-Century Ins. of Tex. v. Boyte*, 80 S.W.3d 546, 549 (Tex. 2002). "A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has no reasonable basis for denying or delaying payment of a claim." *Higginbotham v. State Farm Mut. Auto. Ins.*, 103 F.3d 456, 459 (5th Cir. 1997).

Defendant contends that the Court should dismiss Plaintiffs' Section 541.060(a)(2)(A) claim because Plaintiffs' pleading "is nothing more than conclusory assertions without facts." Def.'s Br. 19. The Court disagrees and finds that the pleadings are sufficient to state a cognizable Section 541.060(a)(2)(A) claim and, in turn, a viable claim for breach of the duty of good faith and fair dealing.

Here, Plaintiffs' Amended Complaint alleges that Defendant "fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear." Pls.' Am.

---

Plaintiffs' Section 541.060(a)(1) claims, that is, for failure to plead a "cognizable misrepresentation claims under Texas Insurance Code Section[] 541.061." Def.'s Br. 17-18.

Compl. ¶ 35. Plaintiffs also allege that Defendant "misrepresented the cost to properly repair Plaintiffs' interior damages and failed to acknowledge all present water damage" and "denied the full covered damages and has unreasonably delayed payment from the time Plaintiffs timely made the claim." *Id.* ¶ 37(b). Plaintiffs assert "Defendant failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages" and that "Defendant continued to ignore obvious damages and refused to issue payment to cover damages." *Id.* ¶ 15. Plaintiffs then "hired a licensed public adjusting company, Revere Public Adjusters, Inc.," and Revere "found extensive interior water damages to the floors of Plaintiffs' bedrooms, closet, hallway, bathroom, foyer, entry, dining room, and nook" as well as "water damage to Plaintiffs' pantry, office, and living room caused by the water leak." *Id.* ¶ 14. Plaintiffs contend that "Defendant knew its representative would perform an inadequate, quick, hasty, and outcome-oriented investigation to minimize its liability to Plaintiffs for the covered damages to Plaintiffs' property." *Id.* ¶ 12. Plaintiffs further allege that because the adjuster ignored the visible water damage and because Defendant, despite being provided clear evidence of the water damage in additional rooms via Plaintiffs' estimate and pictures, still refuses to sufficiently pay for Plaintiffs' damages, Defendant has yet to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim. *Id.* ¶¶ 13-15.

   At a minimum, by the above allegations, Plaintiffs plausibly plead that Defendant violated Section 541.060(a)(2)(A) and concomitantly breached the duty of good faith and fair dealing. These allegations allow the reasonable inference that

Defendant knew or should have known that it owed Plaintiffs more than the amount it paid them. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' Section 541.060(a)(2)(A) claim and common law bad faith claims.

### c. Section 541.060(a)(3) claim

Section 541.060(a)(3) makes it an unfair or deceptive act or practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Tex. Ins. Code § 541.060(a)(3). "The statute does not obligate an insurer to provide an insured every piece of information . . . the insurer has regarding the offer or the investigation." *Mid–Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 534 (N.D. Tex. 2011) (Fitzwater, J.), *aff'd,* 709 F.3d 515 (5th Cir. 2013). Rather, an insurer is required "to provide a *reasonable explanation* of the factual or legal basis in the policy, in relation to the facts or applicable law." *Id.* (original emphasis).

Plaintiffs assert that "Defendant failed to offer Plaintiffs adequate compensation for all water damage, without any explanation of why payment was not being made for its full covered loss and why it was not providing an accurate estimate and report of all water damage to the property." Pls.' Am. Compl. ¶ 37(c). Plaintiffs also allege that "Defendant did not indicate any future settlements or payments would be forthcoming to pay the losses covered under Plaintiffs' policy,

nor did it provide any explanation for the failure to adequately settle Plaintiffs' claims." *Id.*

Contrary to Defendant's contention that these allegations are merely "conclusory, statutory-tracking language," Def.'s Br. 20, the Court finds these allegations sufficient to withstand Defendant's motion to dismiss. *See, e.g.*, *Abood Grp., Inc.*, 2024 WL 4378437, at *4 (denying insurer's motion to dismiss Section 541.060(a)(3) claim where plaintiff alleged insurer only partially paid its claim but never explained why it did so or indicated that full payment would be forthcoming); *Ganim v. Zurich Am. Ins. Co.*, 2024 WL 420149, at *6 (S.D. Tex. Feb. 5, 2024) (denying insurer's motion to dismiss Section 541.060(a)(3) claim where plaintiff alleged that insurer made an incomplete payment without "any accompanying justification for the partial payment" and without "communicat[ing] any plans for future settlements or payments that would encompass the full extent of the losses covered under the policies.")

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' Section 541.060(a)(3) claim.

### d. Section 541.060(a)(4) claim

Section 541.060(a)(4) makes it an unfair or deceptive act or practice to fail to "(A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder" within a "reasonable time." Tex. Ins. Code § 541.060(a)(4).

Defendant argues that "[t]he Court should dismiss [Plaintiffs'] Section 541.060(a)(4) claim because it fails to state facts that allow the Court to infer a violation." Def.'s Br. 21. Defendant further contends that Plaintiffs "do not provide a timeline, and the Court cannot infer a violation without a factual timeline of the alleged misrepresentations." *Id.*

Here, Plaintiffs allege Udall provided minimal coverage for extensive damage in Plaintiffs' home but ignored water damage in rooms and did not provide a reasonable explanation as to why full payment was not being made. Pls.' Am. Compl. ¶¶ 13-16, 20. Plaintiffs assert that Defendant initiated a delayed inspection 77 days after Plaintiffs reported a claim and altogether failed to acknowledge obvious water damage to the pantry, office, and living room in their home. *Id.* ¶¶ 13-17. Otherwise stated, Plaintiffs allege that they were notified that the damage was minimal but to date have not received any reasonable explanation as to why that damage was considered minimal and why certain rooms were excluded altogether according to the Policy. Specifically, Plaintiffs allege they "did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from Defendant." *Id.* ¶ 37(d).

Plaintiffs allege that Defendant adjusted their claim on October 25, 2023, 77 days after reporting, *id.* ¶ 10, and that as of the filing of the suit Defendant had still had not submitted, in writing, acceptance or rejection of all damages to all water damaged rooms from Defendant, *id.* ¶ 37(d).

On these pleadings, the Court finds that Plaintiffs have adequately alleged a 541.060(a)(4) claim.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' Section 541.060(a)(4) claim.

### e. Section 541.060(a)(7) claim

Under Section 541.060(a)(7), it is an unfair or deceptive act or practice to refuse to "pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.060(a)(7).

Plaintiffs' contentions are supported by specific factual allegations concerning the inadequacy of the investigations. Plaintiffs allege that Defendant's report on the damages to the property "failed to acknowledge interior water damage," and Defendant "completed an insufficient inspection as it failed to notice obvious damage to Plaintiff's pantry, office, and living room [as] this damage was also easily spotted and photographed by Plaintiff's Public Adjuster." Pls.' Am. Compl. ¶ 37(e). They further allege that because of "Defendant's inadequate and outcome-oriented investigation . . . Defendant wrongfully delayed, underpaid, and denied Plaintiff's claim." *Id.* Moreover, after Plaintiffs gave Defendant their own estimate conducted by Revere, Defendant performed a reinspection that resulted in a "supplemental payment [that] was larger than the mere $7,610.39 Udall adjusted for." *Id.* ¶ 15.

These allegations are sufficient to state a claim under Section 541.060(a)(7). *See, e.g.*, *Avila v. Metro. Lloyds Ins. Co. of Texas*, 2017 WL 1232529, at *13 (N.D.

Tex. Feb. 21, 2017) (Horan, J.), *adopted sub nom. Avila v. Metro. Lloyds Ins.*, 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017) (Lindsay, J.) (finding a brief inspection resulting in omissions of the property damage and undervaluation the cost of repairs are sufficient factual allegations to support a claim under Section 541.060(a)(7)).

### 2. Texas Prompt Payment of Claims Act

Next, Plaintiffs assert Defendant violated the Texas Prompt Payment of Claims Act (TPPCA), that is, Sections 542.055, 542.056, and 542.058 of the Texas Insurance Code. Pls.' Am. Compl. ¶¶ 41-43.

Section 542.055 states "[n]ot later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall . . . request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." Tex. Ins. Code § 542.055(a)(3). Section 542.056 states "an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer." *Id.* § 542.056(a). Section 542.058 makes it a violation "if an insurer, after receiving all items, statements, and forms reasonably requested and required . . . delays payment of the claim . . . for more than 60 days." *Id.* § 542.058(a). And "[n]othing in Chapter 542 discharges prompt payment liability based on the partial payment of the amount that 'must be paid' under the policy. Otherwise, an insurer could pay a nominal amount toward a valid claim to avoid the prompt payment deadline that

the Legislature has imposed." *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 656-57 (Tex. 2021) (footnote omitted).

Plaintiffs allege that Defendant failed to meet its obligations under Sections 542.055 and 542.056 of the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Pls.' Am. Compl. ¶¶ 41-42. Plaintiffs also allege that Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim in violation of Section 542.058 (sixty days). *Id.* ¶ 43.

In its motion, Defendant moves to dismiss all claims in the Amended Complaint, *see* ECF No. 25. *In its brief in support, however, Defendant fails to address Plaintiffs' TPPCA claims, let alone provide any basis for dismissal.* Accordingly, the Court summarily **DENIES** Defendant's Motion to Dismiss Plaintiffs' claims under Sections 542.055, 542.056, and 542.058 of the Texas Insurance Code.

## **Opportunity to Amend**

Plaintiffs request leave to amend in the event the Court finds deficiencies in their live pleading. Pls.' Resp. 24. Courts should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a). The decision to allow amendment of a party's pleadings is within the sound discretion of the district

court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow amendment, a court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[ ] ha[s] already alleged her best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the Court finds that amendment of Plaintiffs' Section 541.060(a)(1) claim would be futile, as Plaintiffs have alleged post-loss misrepresentations that are not cognizable under Section 541.060(a)(1). Accordingly, the Court denies Plaintiffs' request for leave to amend.

## <u>Subject Matter Jurisdiction</u>

Finally, having reviewed the jurisdictional allegations in Defendant's Notice of Removal, ECF No. 1, and in Plaintiffs' Amended Complaint, the Court questions its jurisdiction *sua sponte. See Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019). To avoid remand, Defendant must file a supplemental pleading that alleges facts sufficient to establish subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction. *Id.* (citations omitted). A federal court also has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

The burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Failure to allege adequately the basis of diversity mandates remand of an action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Courts must also construe all doubts regarding the propriety of removal strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A

23

natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted*); see also SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (a mere allegation of residency "does not satisfy the requirement of an allegation of citizenship.") (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

Even if the parties agree that a plaintiff or defendant is a citizen of a particular state, which is a legal conclusion, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Parties can admit or stipulate to facts underlying the existence of jurisdiction, but they cannot consent to jurisdiction. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060 (5th Cir. 2022) (citations omitted).

Here, Defendant's Notice of Removal seeks to establish subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of the parties' citizenships and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Notice of Removal ¶ 8. The Notice of Removal states that "Plaintiffs are individuals with their principal place of residence in Texas." Notice of Removal ¶

5. It states that "Defendant, Property and Casualty Insurance Company of Hartford, is a wholly owned subsidiary of The Hartford Financial Services Group, Inc. The Hartford Financial Services Group, Inc. is a Delaware corporation with its principal place of business located at One Hartford Plaza, Hartford, Connecticut." *Id.* ¶ 6.

As noted, however, residency allegations are insufficient to establish citizenship. Moreover, no additional factual allegations are included in the Notice of Removal or Plaintiffs' Amended Complaint from which the Court can ascertain the citizenship of Plaintiffs.[5]

### Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (ECF No. 26). The Court **GRANTS** the motion with respect to Plaintiffs' claim for violations of Sections 541.060(a)(1) and 541.061 of the Texas Insurance Code and these claims are **DISMISSED with prejudice.** The Court **DENIES** the motion in all other respects.

Finally, in light of the jurisdictional deficiencies notes above, on or before **September 18, 2025**, Defendant must file an amended notice of removal that cures these jurisdictional deficiencies and satisfies its burden as the removing party of establishing subject matter jurisdiction based on diversity of citizenship.

---

[5] Plaintiffs' Amended Complaint is equally insufficient, asserting that "Plaintiffs are Texas residents who reside in DALLAS County, Texas." Pls.' Am. Compl. ¶ 1. It contains no allegations related to the citizenship of Defendant.

Failure to do so will result in the remand of this action for lack of subject matter jurisdiction to the state court from which it was removed.

**SO ORDERED**.

September 6, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE